UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEOLIA NORTH AMERICA, LLC, a Delaware limited liability company; and VEOLIA ES TECHNICAL SOLUTIONS, L.L.C., a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> JONES LANG LASALLE AMERICAS, INC., a Maryland Corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.:  21-CV-2096 TWR (BGS) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br> (ECF No. 5) |

Presently before the Court is Defendant Jones Lang LaSalle Americas, Inc.'s Motion to Dismiss Plaintiff's Complaint in Part ("Motion," ECF No. 5), as well as Plaintiffs' Opposition to ("Opp'n," ECF No. 6) and Defendants' Reply in Support of ("Reply," ECF No. 8) the Motion.  The Court heard oral argument on the Motion on March 10, 2022.  (*See generally* ECF No. 10.)  Having carefully reviewed the Parties' arguments, the Complaint (Compl., ECF No. 1), and the law, the Court **GRANTS** Defendant's Motion.

/ / /

1

# BACKGROUND

Veolia North America, LLC ("Veolia NA") and Veolia ES Technical Solutions, L.L.C. ("Veolia ES") (together, "Veolia") retained Jones Lang LaSalle Americas, Inc. ("JLL") to provide real estate broker services for, among other things, the vetting of candidate locations for an Environmental Storage Site in San Diego, California. (*See* Compl. ¶¶ 1–2, 9–12; ECF No. 1-2 (the "Agreement").) The Agreement governed the duties of JLL to perform specific services for Veolia, including, but not limited to, the duty to "identify, analyze, negotiate," and ultimately assist Veolia in the leasing of new space for its Environmental Storage Site locations. (*See* Compl. ¶ 9.) Among other requirements, Veolia made clear to JLL that the new site needed to be approved for the hazardous waste transfer permit (the "Permit") and provided a fact sheet published by the California Department of Toxic Substance Control (the "DTSC Fact Sheet"), which expressly stated that a transfer facility "must be located a minimum of 500 feet away from a structure that is used for special uses such as schools, day care centers for children, human hospitals, and permanently occupied human habitations including mobile homes installed for the use as permanently occupied human habitation." (*See* Compl. ¶¶ 13–15.)

In response, JLL identified a potential property located at 7831 Ostrow Street, San Diego, California ("Ostrow"). (*See id.* ¶ 17.) JLL represented to Veolia that it had done its due diligence related to Ostrow and the site's qualification for the Permit. (*See id.* ¶ 21.) However, contrary to JLL's representation and confirmation that Ostrow would qualify for the Permit, it was later revealed that JLL had failed to investigate the distance between Ostrow and permanently occupied human habitation, which rendered Ostrow ineligible for the Permit. (*See id.* ¶¶ 22, 24.) By that time, however, Veolia suffered damages as it had signed a lease for Ostrow based on JLL's representation and confirmation, (*see id.* ¶¶ 23–26), which Veolia could not use for its desired and intended purpose. (*See id.*)

Plaintiffs filed their initial Complaint on December 16, 2021, asserting four causes of action: (1) breach of fiduciary duty, (2) breach of contract, (3) breach of implied covenant of good faith and fair dealing, and (4) negligent misrepresentation.  (*See generally* Compl.)  On January 10, 2022, Defendant filed the instant Motion, seeking to dismiss Veolia's third and fourth causes of action.  (*See generally* ECF No. 5.)

## LEGAL STANDARDS

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

Federal "Rule [of Civil Procedure] 9(b) requires that, when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* (alteration in original) (internal quotation mark omitted) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Id.* (internal quotation marks omitted) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "A district court does not err in denying leave to amend where the amendment would be futile." *Id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991)).

## ANALYSIS

Defendant moves to dismiss Plaintiff's third cause of action for breach of the implied covenant of good faith and fair dealing, (*see* Mot. at 9), and fourth cause of action for negligent misrepresentation. (*See id.* at 4–9.) The Court addresses those requests in turn.

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    Plaintiffs' Implied Covenant Claim Improperly Restates Their Breach of Contract Claim

Defendant moves to dismiss Plaintiffs' third cause of action for breach of implied covenant of good faith and fair dealing.  According to Defendant, Plaintiffs' tort claim is premised on the same conduct allegedly constituting a breach of contract, which is improper under California law.  (*See* Mot. at 9.)   The Court agrees.

"A claim for breach of the implied covenant of good faith and fair dealing requires the same elements [as a claim for breach of contract], except that instead of showing that defendant breached a contractual duty, the plaintiff must show, in essence, that defendant deprived the plaintiff of a benefit conferred by the contract in violation of the parties' expectations at the time of contracting."   *Soil Retention Prods., Inc. v. Brentwood Indus., Inc.,* 521 F. Supp. 3d 929, 952–53 (S.D. Cal. 2021) (citing *Santana v. BSI Fin. Servs., Inc*., 495 F. Supp. 3d 926, 945 (S.D. Cal. 2020) (quoting *Patera v. Citibank, N.A.*, 79 F. Supp. 3d 1074, 1090 (N.D. Cal. 2015))). "If the allegations [for breach of the implied covenant] do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc*., 222 Cal. App. 3d 1371, 1392–93 (1990); *see also Soil Retention Prods.,* 521 F. Supp. 3d at 953.

Plaintiffs argue that Defendant's exercise of *discretionary power* in the parties' agreement renders the breach of the implied covenant claim distinct from the breach of contract claim.  (*See* Opp'n at 7–9.)  This is because "[t]he covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another." *McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, 863 F. Supp. 2d 928, 956 (N.D. Cal. 2012.)   Specifically, Plaintiff asserts that Defendant's "breach lies in its failure to exercise its discretion in good faith by failing to (1) use reasonable efforts to cause the project to be completed, (2) professionally evaluate all available sources of information, and (3) identify and analyze new space." (*See* Opp'n

at 8.)   Additionally, Plaintiffs allege that the Agreement gave Defendant discretion to perform its duties and due diligence, yet Defendant failed to exercise their discretion in good faith by failing to discover and disclose that Ostrow was not in compliance with the laws and regulations governing the Permit.  (*See id.*)

Both district court cases cited by Plaintiffs, however, are inapposite.   In both *McNeary-Calloway* and *Ellsworth,* the court found that the plaintiffs had explicitly permitted the defendants to use their discretion in effectuating the terms of the contract, but the defendants abused their discretionary power by acting in bad faith.  *See McNeary-Calloway*, 863 F. Supp. 2d at 958 ("Although [based on the parties' contract] Defendants have the right to set the scope and extent of hazard insurance coverage . . . [,] the Plaintiffs here have stated a claim under the implied covenant that Defendants abused this discretion by acting in bad faith and outside the reasonable expectations of the parties."); *Ellsworth*, 908 F. Supp. 2d at 1086 (finding that breach of implied covenant of good faith was adequately alleged where the plaintiff's "mortgage contract with [the defendant gave it] discretion to, among other things, force-place flood insurance. . . but [the defendant had] breached this duty and abused any discretion it may have had by purchasing backdated flood insurance and arranging for kickbacks").  These cases are distinguishable for two reasons.

First, the Agreement gave no similar discretionary power to the Defendant. Plaintiffs provided Defendant with a document titled "Veolia Requirements Spec Sheet" detailing the requirements for their new property, including the "crucial" requirement that the new site "[w]ill need to be approved for 10-day haz-waste transfer permit" under California law as regulated by the California Department of Toxic Substance Control. (*See* Compl. ¶ 14.)  Plaintiffs also provided Defendant with the DTSC Fact Sheet, which provided explicit guidance on federal and state regulations.  (*See id.* ¶ 20.)  The failure to discover and disclose that Ostrow was not in compliance with the laws and regulations governing the Permit fits squarely within the terms of the parties' Agreement, requiring that Defendants "use reasonable efforts to cause each Project to be completed in

accordance with plans and specifications, budgets and schedules approved by the Client." (*See generally* Agreement, Section 2.)  Given the very specific instructions outlined by the regulatory guidelines and the Agreement, Defendants were not able to make discretionary decisions unless and until a new property complied with Plaintiffs' requirements.

Second, even if Defendants were able to exercise discretion as to the Permit guidelines, such as the distance between the property and human habitations, Plaintiffs allege no bad faith.  In both *Ellsworth* and *McNeary-Calloway*, the court found that the defendants abused their discretionary power by acting in bad faith.  *See McNeary-Calloway*, 863 F. Supp. 2d at 958; *Ellsworth,* 908 F. Supp. 2d at 1086.

Accordingly, Plaintiffs' Complaint fails to plead sufficient facts to state a plausible claim for relief for breach of the implied covenant of good faith and fair dealing.  *See, e.g.*, *Soil Retention Prods.*, 521 F. Supp. 3d at 952–53 (dismissing implied covenant cause of action where the plaintiff alleged only that the defendant "had a duty to act fairly and in good faith toward" the plaintiff with respect to the alleged contract).  The Court therefore **GRANTS** Defendant's Motion and **DISMISSES** Plaintiffs' Third Cause of Action for breach of the implied covenant of good faith and fair dealing.

## II.   Plaintiff's Negligent Misrepresentation Does Not Satisfy Rule 9(b)'s Pleading Requirements

Defendant also seeks to dismiss Plaintiffs' fourth cause of action for negligent misrepresentation based on two independent grounds: (1) Plaintiffs' complaint fails to state a claim for negligent misrepresentation pursuant to Federal Rules of Civil Procedure 8 and 9(b); and (2) Plaintiffs' tort claim fails to state a claim upon which relief can be granted under California's economic loss rule.  (*See* Mot. at 4–9.)

Defendant asserts that Plaintiffs' negligent misrepresentation allegation is "impermissibly vague and does not satisfy Rule 9(b)'s pleading requirements."  (*See* Mot. at 14).  Specifically, Defendant argues that a negligent misrepresentation claim requires a positive assertion of fact, and an implied assertion or half-truth is insufficient.  *See*

*Wilson v. Cent. 21 Great W. Realty*, 15 Cal. App. 4th 298, 306 (1993); *Byrum v. Brand*, 219 Cal. App. 3d 926, 942 (1990).  The Court agrees.

"The elements of negligent misrepresentation include: (1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and (5) resulting damage."  *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1201 n.2 (9th Cir. 2001).  "The elements of a cause of action for negligent misrepresentation are the same as those of a claim for fraud, with the exception that the defendant need not actually know the representation is false."  *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1140–41 (C.D. Cal. 2003).  Importantly, negligent misrepresentation does not impose liability for negligent omissions; a "positive assertion" is required.  *See Regents of Univ. of Cal. v. Principal Fin. Grp.*, 412 F. Supp. 2d 1037, 1045 (N.D. Cal. 2006); *Byrum*, 219 Cal. App. at 942.

Defendant argues, and Plaintiffs do not contest, that Rule 9(b) applies to this claim. (*See* Mot. at 7; Opp'n at 6); *see also Puri v. Khalsa*, 674 F. App'x 679, 689 (9th Cir. 2017).  Under Rule 9(b), the plaintiff must state with "particularity the circumstances constituting the fraud or mistake."  Fed. R. Civ. P. 9(b).  Thus, Plaintiffs' pleading must include the "who, what, when, where, and how' of the misconduct charged," here, the negligent misrepresentation.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).

Applying the Rule 9(b) standard, Defendant argues that the Complaint fails to particularly allege the "who, what, when, where and how" regarding claimed misrepresentation by Defendant.  (*See* Mot. at 8.)  The only misrepresentation-related detail alleged in the Complaint is an email sent from Defendants to Plaintiffs on January 30, 2020.  (*See* Opp'n at 7; *see also* Compl. at ¶¶ 21, 23.)  The January 30, 2020, email reads as follows:

1
2
3
4
5

had our Research Analyst look into [distance requirements]. He did find an Elementary School, but it is on the other side of the freeway (I-805) and is about 1,200 SF from the facility. Please see his notes below as well as an aerial from Google Earth showing the measurement… JLL further indicated [t]he closest school is Ross Elementary, that is 1,100 ft away on the other side of the 805…The closest day care is just beyond that, and the closest hospital is 2 miles away.

6
7
8
9
10
11
12
13
14
15

(*See* Compl. ¶ 21.)  Plaintiffs do not allege that the representations in the January 30, 2020, email are false.  Rather, Plaintiffs' argument is that the absence of any mention of the distance between Ostrow and any permanently occupied human habitation in the January 30, 2020, email was a "misleading half-truth," which constitutes a positive assertion for the purpose of negligent misrepresentation.  (*See* Opp'n at 7.)  Specifically, Plaintiffs allege that they relied on the January 30, 2020, email as confirmation that *all* distance requirements for the permit had been met, including that Ostrow was 500 feet away from "permanently occupied human habitations," leading them to sign the lease. (*See* Compl. ¶¶ 20, 23.)  Plaintiffs then later discovered that Ostrow was within 500 feet of residential housing.  (*See id*. ¶ 24.)

16
17
18
19
20
21
22
23
24
25
26
27

Plaintiffs cite two cases to support their "misleading half-truth" argument.  (*See* Opp'n at 6–9.)  First, in *Abdo v. Fitzsimmons*, No. 17-cv-00851-EDL, 2017 U.S. Dist. LEXIS 228340 (N.D. Cal. Nov. 3, 2017), the court denied defendants' motion to dismiss the plaintiffs' negligent misrepresentation claim where the plaintiffs had invested millions of dollars into the defendants' company based on their alleged reliance on the defendants' "half-truth" misrepresentations.  *See id.* at *23.  The court reasoned that the facts omitted were "crucial, relevant facts that a reasonable investor would expect to receive."  *See id*.  Among many other misrepresentations, one "half-truth" illustrated by the court was defendants' omission of the central reason their initial public offering ("IPO") was delayed in response to questions posed by the plaintiffs.  *See id*.  Ultimately, the defendants were not able to launch their IPO and filed for bankruptcy, thereby harming the plaintiffs' investment in the company.  *See id.* at *5.  The plaintiffs alleged

28

that, had they received the full details regarding the delay of the IPO, they would have made different investment decisions.  *See id.*

Second, in *Westrick v. State Farm Insurance*, 137 Cal. App. 3d 685 (1982), the court held that an insurance agent could be liable for negligent misrepresentation for failing to explain a limiting provision of an existing policy to an insured.  *See id.* at 692–93.  The court reasoned that that the insurer had a heightened duty to disclose this information based on his "duty of good faith and fair dealing, which included a duty to "reasonably . . . inform an insured of the insured's rights and obligations under the insurance policy." *Id.* (citing *Davis v. Blue Cross of N. Cal.*, 25 Cal. 3d 418, 427 (1979)).

Both of Plaintiffs' cases illustrate that for an omission or "half-truth" to properly be pled as a negligent misrepresentation claim, the information omitted must reasonably be expected to be included in the statement provided to the plaintiff.  In *Abdo*, for instance, the reasonable standard was met based on the importance and critical nature of the information omitted, *see* 2017 U.S. Dist. LEXIS 228340 at *23, and in *Westrick*, the reasonable standard was met based on a duty to disclose.  *See Westrick*, 137 Cal. App. 3d at 692.

Defendant claims that *Abdo* and *Westrick* are distinct because they involve situations in which the defendant knew of the undisclosed fact and negligently failed to disclose it.  (*See* Reply at 8.)  While that is arguably a valid distinction, the Court finds that Defendant was fully aware of the "half-truth" nature of the statement because Plaintiffs repeatedly reminded Defendant of the Permit requirements and Defendant contractually agreed to adhere to those Permit requirements when finding property for Plaintiffs' use. (*See* Compl. at ¶¶ 14–26.); *see also Neilson*, 290 F. Supp. 2d at 1140–41 ("The elements of a cause of action for negligent misrepresentation are the same as those of a claim for fraud, *with the exception that the defendant need not actually know the representation is false*." (emphasis added)).  However, to meet Rule 9(b)'s pleading standard, Plaintiffs must allege that the email, or another affirmative representation, was provided to be a complete statement of fact, affirmatively confirming that *all* Permit-

related distance requirements had been met, and that Plaintiffs could confidently sign the Ostrow lease.   Plaintiffs do not allege that it was reasonable for them to assume that Defendant had provided this email with the intention to provide the whole truth or that Defendant negligently omitted critical pieces of information.   Accordingly, Plaintiffs' negligent misrepresentation claim does not satisfy Rule 9(b)'s pleading requirements.

Because the Court finds that Plaintiffs failed to state a claim for negligent misrepresentation under Rule 9(b), the Court need not address whether the tort claim falls within the confines of the economic loss rule. The Court **GRANTS** Defendant's Motion and **DISMISSES** Plaintiffs' Fourth Cause of Action for negligent misrepresentation.

## CONCLUSION

Because Plaintiffs have not adequately pled their negligent misrepresentation claim in accordance with pleading standards articulated in Rule 9(b), the Court **GRANTS** Defendant's Motion and **DISMISSES** Plaintiff's Fourth Cause of Action.   Further, because Plaintiffs have not adequately alleged that their breach of the implied covenant of good faith and fair dealing claim is independent of their breach of contract claim, the Court **GRANTS** Defendant's Motion and **DISMISSES** Plaintiffs' Third Cause of Action.  Plaintiffs **MAY FILE** an amended complaint within <u>thirty (30) days</u> of the date of this Order.  *Should Plaintiffs fail timely to file an amended complaint, the Court will enter an Order dismissing this action without prejudice.*

**IT IS SO ORDERED.**

Dated:  June 1, 2022

Honorable Todd W. Robinson
United States District Judge